NATASHA CORMIER *vs.* JONATHAN C. QUIST. No. 09-P-572. September 3, 2010. *Paternity. Judgment,* Amendment. *Name. Probate Court,* Change of name. *Parent and Child,* Name of child.

Natasha Cormier (mother) appeals from a Probate Court order dated December 1, 2006, allowing in part the father's motion to amend the judgment of paternity; a decree, dated August 1, 2007, on the petition of Jonathan C. Quist (father) changing the name of the parties' son; and a judgment dated August 1, 2007, dismissing the mother's change of name petition. For the reasons that follow, we reverse.

1. *Order allowing in part father's motion to amend.* After the parties entered into an agreement, and judgment entered on the mother's complaint to establish paternity, the father moved to amend the judgment, seeking to claim the child as a tax dependent on grounds that he provides more than fifty percent of the child's support. The mother opposed the petition. Without taking evidence, the judge allowed the father's motion in part and ordered that the parties each be entitled to claim the child as a tax dependent in alternate years. The allowance of the father's motion was error.

The father's motion to amend the judgment was filed pursuant to Mass.R. Dom.Rel.P. 52(b) (1987), and Mass.R.Dom.Rel.P. 59 (1975). These rules contemplate amendment of a judgment entered after trial, not pursuant to an

---

agreement of the parties. A settlement agreement entered as a consent judgment conclusively determines the parties' rights as to all matters within its scope. See *Hoppe* v. *Haskins*, 29 Mass. App. Ct. 411, 415 (1990). See also *Kelton Corp.* v. *Worcester*, 426 Mass. 355, 359 (1997). The parties had not agreed as to who was entitled to claim the child as a tax deduction, and in the absence of such agreement, it was an abuse of discretion to amend the judgment. If the father's claim that he is entitled to the deduction because he contributes more than one-half of the child's support is to be considered, it must be in the context of a complaint for modification. See, e.g., *Hoppe* v. *Haskins, supra.*

2. *Change of name.* Soon after the mother learned she was pregnant in 2002, she informed Quist that she believed him to be the biological father. Subsequently, she told him that Michael Boulay was the father. The mother and Boulay became engaged to be married, and when the child was born, in July, 2003, signed his birth certificate as his parents, giving the child the surname of "Boulay." The engagement between the mother and Boulay ended in 2004. A paternity test excluded Boulay as the child's father.

Thereafter, the mother filed a complaint to establish paternity against Quist. Genetic marker testing did not exclude Quist as the father. As noted, the parties entered into an agreement, and Quist was adjudicated the biological father. Pursuant to the agreement, the mother has sole legal and physical custody of the child. The agreement provides that the mother's decisions are to be in the child's best interests and that she shall inform the father of all major life decisions concerning the child.

In October, 2006, the father and mother filed petitions to change the child's surname from Boulay. The father sought to change the child's surname to Quist; the mother sought to change it to Cormier.[1] After a trial, the judge dismissed the mother's petition and entered a decree on the father's petition changing the child's surname to "Cormier-Quist," a name sought by neither party.

"[I]n controversies concerning the surnames of children, whether born to married or unmarried parents, the 'best interests' of the child standard is applicable." *Petition of Two Minors for Change of Name*, 65 Mass. App. Ct. 850, 856 (2006). Relevant considerations are to be found in *Jones* v. *Roe*, 33 Mass. App. Ct. 660 (1992); *Richards* v. *Mason*, 54 Mass. App. Ct. 568, 571-572 (2002); and *Petition of Two Minors, supra.* We specified in *Jones* that among the considerations relative to the best interest equation are "the effect of the change in the child's surname on the preservation and development of the child's relationship with each parent and other siblings; the length of time the child has utilized a given name; the age of the child as it may relate to his or her identification with the surname; and the difficulties and embarrassment that the child may experience from bearing the present or proposed surname." 33 Mass. App. Ct. at 664. We cautioned against focusing on a father's "compliance with his parental obligations" as to support and visitation arrangements. *Id.* at 662.

---

[1]The mother taught the child that his surname is "Cormier"; she testified that this is the only name he has known. While acknowledging that it would be in the child's best interests to include the name "Quist" in the child's name, the mother stated that, should the father's name be included, "Quist" should be used as a middle name, and "Cormier" should be his surname. She argued against hyphenation of the last name, stating it would confuse the child and would not be in his best interests.

The mother argued at trial and on appeal that, because issues of custody and decision-making bear directly on the best interests of a child in a name change case, a factor to be considered is that she is the child's sole legal and physical custodian and is responsible for major life decisions concerning the child. The father disagrees that allocation of legal and physical custody of the child is a consideration.

Pursuant to the American Law Institute's (ALI) Principles of the Law of Family Dissolution: Analysis and Recommendations § 2.09, at 236 (2002), "allocation of custodial responsibility" is a factor to be considered by the court in allocating significant life decision-making responsibility regarding the child, where the parents are unable to resolve differences.[2] A decision to change a child's surname is a significant life decision; in making such a decision in the child's best interests, the allocation of custodial responsibility should at least be considered.

The conclusion that it was in the child's best interests to change his surname to Cormier-Quist, a hyphenated name neither party sought, was without basis in the evidence. "[I]n the absence of adequate consideration in the findings of all relevant factors (and evidence), the judge's decision cannot stand." *Petition of Two Minors*, 65 Mass. App. Ct. at 858.

*Conclusion.* The order dated December 1, 2006, allowing in part the father's motion to amend the judgment of paternity, is reversed. As to the name change, the judgment and decree, both dated August 1, 2007, are reversed, and the matter is remanded for further proceedings consistent with this opinion.[3]

*So ordered.*

*Mark I. Zarrow* for the mother.
*Christine D. Anthony* for the father.

---

[2]As to determination of a child's surname, see, e.g., *Richards* v. *Mason*, 54 Mass. App. Ct. at 572 n.6, noting that "[a] custodial parent presumption in controversies involving the renaming of a child has gained recognition in some States," and citing *In re Schiffman*, 28 Cal. 3d 640, 648-649 (1980) (Mosk, J., concurring), and *Gubernat* v. *Deremer*, 140 N.J. 120, 144 (1995). See also *J.N.L.M.* v. *Miller*, 35 Kan. App. 2d 407, 413-414 (2006) (including as factor motive or interests of custodial parent); *State ex rel. Spence-Chapin Serv. to Families & Children* v. *Tedeno*, 101 Misc. 2d 485, 489 (N.Y. Sup. Ct. 1979) (factors include identity and preference of custodial parent); *Doherty* v. *Wizner*, 210 Ore. App. 315, 324 (2006) (custodial parent's preference considered as factor); *Hamby* v. *Jacobson*, 769 P.2d 273, 277 (Utah Ct. App. 1989) (best interests test includes consideration of child's custodial situation).

[3]The father's request for appellate attorney's fees is denied.

